UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES REDMOND, individually and on behalf of a class, ) ) ) PLAINTIFF, ) ) v. ) ) SPECIALIZED LOAN SERVICING, LLC, ) ) DEFENDANT. ) | Case No.: Jury Demanded |

## COMPLAINT-INDIVIDUAL AND CLASS ACTION

Plaintiff James Redmond, individually and on behalf of a Class, brings this action to secure redress for relief against Defendant Specialized Loan Servicing, LLC, and alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, as Defendant maintains a business office here, and does business in this District.

2. Venue in this District is proper because Defendant's attempts to collect a debt occurred in this District, and Defendant resides and transacts business in this District.

## PARTIES

3. Plaintiff, James Redmond, ("Plaintiff") is a natural person and resident of Cook County, Illinois, who is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

1

4. Defendant, Specialized Loan Servicing, LLC ("Defendant") is a corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts on behalf of others, and which uses instrumentalities of interstate commerce and the mails, the principal purpose of which is the collection of defaulted consumer debts.

## FACTS

5. Plaintiff incurred a debt for personal, family or household purposes, and said alleged obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. Namely, Plaintiff incurred a debt in connection with an alleged home equity loan originated with Bank of America (the "alleged debt").

7. The property securing the alleged home equity line of credit was a residence of Plaintiff at all times relevant to this complaint.

8. The alleged debt thereafter went into default.

9. Defendant thereafter began servicing the alleged debt after default, under Loan # XXXXXX8383 (the "account").

10. Defendant also began communicating credit information regarding the alleged debt to the Equifax, Experian, and TransUnion credit reporting agencies.

11. Defendant mailed Plaintiff numerous letters seeking to collect the alleged debt from Plaintiff, and threatening various consequences if he did not comply with the payment requests.

12. Defendant called Plaintiff on numerous occasions seeking to collect the alleged debt.

13. Defendant's constant telephone calls to Plaintiff caused Plaintiff stress.

14. Plaintiff repeatedly disputed the accuracy of the alleged debt to Defendant during telephone calls and in writing.

15. On May 11, 2021, Plaintiff faxed a letter to Defendant which, *inter alia*, disputed the alleged debt.

16. Defendant received the letter faxed by Plaintiff on May 11, 2021, on the date it was faxed.

17. On June 11, 2021, Plaintiff faxed a letter to Defendant which, *inter alia*, disputed the alleged debt.

18. Defendant received the letter faxed by Plaintiff on June 11, 2021, on the date it was faxed.

19. On September 7, 2021, Plaintiff faxed a letter to Defendant which requested that Defendant stop making automated calls to Plaintiff.

20. Defendant received the letter faxed by Plaintiff on September 7, 2021, on the date it was faxed.

21. On November 1, 2021, Plaintiff faxed a letter to Defendant which, *inter alia*, disputed the alleged debt.

22. Defendant received the letter faxed by Plaintiff on November 1, 2021, on the date it was faxed.

23. On July 15, 2022 Plaintiff faxed a letter to Defendant which, *inter alia*, disputed the alleged debt.

24. Defendant received the letter faxed by Plaintiff on May 11, 2021, on the date it was faxed.

25. On August 1, 2022, Plaintiff faxed a letter to Defendant which, *inter alia*, disputed the alleged debt.

34. Defendant received the letter faxed by Plaintiff on August 1, 2022, on the date it was faxed.

35. Defendant thus repeatedly received notice from Plaintiff that the alleged debt was subject to a dispute, at least on May 11, 2021, and again on numerous dates thereafter.

36. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337 (7th Cir. 2018).

37. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**
**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

38. The FDCPA thus proscribes "(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Paz v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 160779, *8 (N.D. Ill. November 21, 2016) (emphasis added).

4

39. Defendant communicated credit information to the Equifax, Experian, and TransUnion credit reporting agencies on a monthly basis since it began servicing the alleged debt.

40. However, Defendant failed to communicate, over the last year, that Plaintiff's alleged debt was disputed when it communicated other credit information to the Experian, Equifax and TransUnion consumer reporting agencies, even though Plaintiff repeatedly disputed the alleged debt to Defendant on multiple occasions after it began servicing the alleged debt and furnishing credit information to said consumer reporting agencies regarding the alleged debt.

41. Defendant failed to communicate a dispute of the alleged debt to the Experian, Equifax and TransUnion consumer reporting agencies, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agencies.

42. Defendant thus continued to communicate Plaintiff's credit information on a monthly basis to the Experian, Equifax and TransUnion consumer reporting agencies, over the last year, without also communicating that the alleged debt is disputed, thus making dozens of communications that violate section 1692e(8) of the FDCPA.

43. Plaintiff thereafter obtained his Equifax, Experian and TransUnion credit reports by mailing in a request for the same, via the United States Postal Service, postage prepaid, First Class Mail.

44. Plaintiff thereafter received his Equifax credit report in the mail dated February 13, 2023.

5

45. Equifax reported a tradeline for the account in said February 13, 2023 report.

46. The Equifax report states a "Date of Last Reported Update" of 12/31/2022 on said report, as to the account.

47. The Equifax report does not indicate that the alleged debt and account is disputed.

48. Plaintiff thereafter received his Experian credit report in the mail dated February 13, 2023.

49. Experian reported tradeline for the account in said February 13, 2023 report.

50. The Experian report states a "Recent Balance" of $218,862 as of Dec 2022".

51. The date of last reported update of the account by Defendant, on said Experian report, was December 2022.

52. The Experian report does not indicate that the alleged debt and account is disputed.

53. Plaintiff thereafter received his TransUnion credit report in the mail dated February 13, 2023.

54. TransUnion reported a tradeline for the account in said February 13, 2023 report.

55. The TransUnion report states a "Date Updated' of "12/31/2022".

56. The date of last reported update of the account by Defendant was in December 2022.

6

57. The Experian report does not indicate that the alleged debt and account is disputed.

58. Upon information and belief, to the date of the filing of this lawsuit, Defendant has not communicated to the Equifax, Experian, or TransUnion credit reporting agencies that the alleged debt and account are in dispute by Plaintiff.

59. Defendant continues to violate the FDCPA, section 1692e(8), each time it communicates a monthly update to the Equifax, Experian and TransUnion credit reporting agencies without also communicating that the alleged debt and account are disputed.

60. 15 U.S.C. § 1692c of the FDCPA provides as follows:

>  **§1692c. Communication in connection with debt collection**
>  **(c) Ceasing communication**
>  **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-**
>  **(1) to advise the consumer that the debt collector's further efforts are being terminated;**
>  **(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
>  **(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

61. Plaintiff requested that Defendant cease making automated calls to him on September 7, 2021.

62. Despite this fact, Defendant continued to make automated calls to Plaintiff on and after September 7, 2021, in connection with the collection of the alleged debt.

63. Specifically, Defendant placed automated calls to Plaintiff and left voicemails for Plaintiff on the following dates in 2022, among others, contrary to Plaintiff's directive:

July 20
August 2
August 8
August 10
August 12
August 17
August 18
August 25
August 28
September 2
September 6
September 7
September 9
September 14

64. Defendant violated section 1692c(c) each time it contacted Plaintiff via telephone after Plaintiff requested that said contacts cease.

65. Further, Defendant violated Regulation F, 12 CFR Section 1006.14(h)(1), which provides that the consumer can specify what communication channels the collector can use. This is because Plaintiff expressly requested that he not be contacted via automated telephone calls, yet Defendant continued to make said calls to Plaintiff.

66. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

67. Defendant materially lowered Plaintiff's credit score by failing to communicate his dispute to the credit reporting agencies, and decreased his ability to obtain credit thereby.

68. Defendant's collection efforts, including the damage to Plaintiff's credit score and credit profile, caused Plaintiff severe emotional distress and physical manifestations thereof, a lower credit score, and a decreased ability to obtain credit, as well as lost credit opportunities.

69. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-INDIVIDUAL COUNT-FDCPA AND REGULATION F

70. Plaintiff incorporates the foregoing paragraphs as if set out fully herein.

71. Defendant violated 15 U.S.C. §1692c each time it contacted Plaintiff via telephone after Plaintiff requested that said contacts cease, as well as Regulation F, 12 CFR Section 1006.14(h)(1).

72. Defendant continued to call Plaintiff to induce him to communicate with Defendant in connection with the collection of the alleged debt, so that it could pressure Plaintiff to pay money he did not wish to pay.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant, as follows:

    a. Statutory and actual damages pursuant to 15 U.S.C. § 1692k(a)(2) and Regulation F from Defendant;

    b. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(2) and Regulation F; and

    c. Such other or further relief as this Court deems proper.

## CLASS ALLEGATIONS

73. Plaintiff incorporates the foregoing paragraphs as if set out fully herein.

74. Plaintiff brings this action individually and as a class action on behalf of the following Class: (1) all persons (2) with addresses in the State of Illinois (3) who had an account with Defendant that was reporting as a tradeline to the Experian, Equifax and/or TransUnion credit reporting agencies (4) where said person communicated an inaccuracy with respect to said account, in writing to Defendant (5) where Defendant thereafter communicated credit information regarding the account to the Experian, Equifax and/or TransUnion credit reporting agencies (6) without also communicating that the account was in dispute (7) within the year prior to the filing of this action.

75. The members of the class are so numerous that joinder of all is not practicable.

76. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

77. As Defendant's policies and procedures are, upon information and belief, not adapted to communicate written disputes of alleged debts to the credit reporting agencies, where written disputes were previously communicated to Defendant, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a disputed alleged debt without communicating the fact of the dispute to the credit reporting agencies.

78. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual

members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

79. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

80. Plaintiff has retained counsel experienced in class action litigation brought under the FDCPA, and other consumer protection statutes.

**COUNT II—CLASS COUNT—FDCPA—§1692E(8)**

81. Plaintiff incorporates the foregoing paragraphs as if as if set out fully herein.

82. Even though Defendant knew or should have known that Plaintiff disputed owing the alleged debt, Defendant communicated credit information about Plaintiff to the Experian, Equifax and TransUnion consumer reporting agencies, while omitting the fact that Plaintiff disputed the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

83. Because of the Defendant's violations of the FDCPA, Plaintiff and the Class is entitled to an award of statutory and actual damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the Defendant, as follows:

a. Statutory and actual damages pursuant to 15 U.S.C. § 1692k(a)(2) from Defendant;

b. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(2); and

c. Such other or further relief as this Court deems proper.

**The Law Office of M. Kris Kasalo, Ltd.**  By: */s/ Mario Kris Kasalo*
**4950 Madison St.**   Mario Kris Kasalo
**PO Box 1425**
**Skokie, IL 60077**
**tel 312.726.6160**
**fax 312.698.5054**
**mario.kasalo@kasalolaw.com**

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: */s/ Mario Kris Kasalo*
Mario Kris Kasalo